IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:24-cv-779 |
| ) | |
| A 2016 TOYOTA RAV4, ) | |
| BEARING VIN: JTMNFREV6GJ089395, ) | |
| WITH ALL APPURTENANCES AND ) | |
| ATTACHMENTS THEREON, ) | |
| ) | |
| Defendant. ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America (hereinafter, "United States") brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(4) for forfeiture of a 2016 Toyota Rav4, bearing VIN: JTMNFREV6GJ089395, with all appurtenances and attachments thereon, for violations of 21 U.S.C. §§ 841(a)(1) and 846.

**THE DEFENDANT *IN REM***

2. The defendant consists of a 2016 Toyota Rav4, bearing VIN: JTMNFREV6GJ089395, with all appurtenances and attachments thereon. The defendant is currently in the possession of the United States Marshals Service.

**JURISDICTION AND VENUE**

3. The United States brings this action *in rem* in its own right to forfeit and condemn the defendant. This Court has subject matter jurisdiction over an action commenced by the United

States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881(a)(4).

4. This Court has *in rem* jurisdiction over the defendant under 28 U.S.C. § 1355(b) because the acts or omissions giving rise to the forfeiture occurred in this district. Upon the filing of this complaint, the plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the defendant pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located in this district.

6. The defendant, as described above, is now, and during the pendency of this action will be, in the jurisdiction of this Court and is located in the Middle District of Alabama.

## BASIS FOR FORFEITURE

7. The defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4), which provides for the seizure and forfeiture of all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate, the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## FACTS

8. The facts and circumstances supporting the seizure of the defendant are as follows:

   a. On July 30, 2021, the Drug Enforcement Administration (DEA) Montgomery Resident Office (MRO) received information from the DEA Houston Division about the arrest of a narcotics courier who was caught transporting nine kilograms of cocaine. The courier

informed DEA that the nine kilograms were destined for 304 Payson Road, Deatsville, Alabama. The courier also advised they had previously delivered five kilograms of cocaine to the residence to an unidentified black male believed to be in his fifties who lived at that residence with an unidentified white female. The owner of record of the residence is Saundra C. Thomas a/k/a Saundra Curry.

      b.      Agents conducted research and surveillance at 304 Payson Road. Agents observed a white female, Saundra Sue Curry ("Curry"), and a black male, Jim Carter Jr. a/k/a Jimmy Carter ("Carter"). Curry's driver's license and a 2016 Toyota RAV4, bearing Alabama License Plate 29A0WH4 ("defendant vehicle") were registered to Curry at the residence.

      c.      Agents observed Carter travel from 21 Ridgeview Drive, Millbrook, Alabama, to 304 Payson Road almost daily. Carter and Curry often used the defendant vehicle to travel.

      d.      Carter was found to have a lengthy criminal history with convictions in both state and federal Court for drug crimes involving cocaine. Curry had no prior drug offenses, but the investigation that led to Carter's federal drug conviction included drug evidence found at 304 Payson Road.

      e.      On March 20, 2023, Special Agent (SA) Evan M. Skeldon observed Curry pick up a Hispanic male in the defendant vehicle from the TA Travel Center in Montgomery, Alabama. Carter was also present but drove himself in a separate vehicle. Agents later identified the Hispanic male as Raul Ramos, a narcotics and money courier who works for the Gulf Coast Cartel. Ramos lives in the greater Houston, Texas area, and traveled to Montgomery via passenger bus. Agents know Houston to be a "source city" for the cartel.

      f.      Later that night, Carter and Curry used the defendant vehicle to travel back

to the TA Travel Center, where it is believed Ramos took a bus back to Houston.

      g.      On April 7, 2023, Curry, in the defendant vehicle, and Carter, who drove another vehicle, went to the TA Travel Center to pick up another courier, later identified as Tanya Molina. A few minutes after going to the TA Travel Center, Carter, Curry, and Molina were seen on a stationary surveillance device arriving at 304 Payson Road in their respective vehicles. Carter was observed carrying two bags into the residence. Later that night Carter and Curry used the defendant vehicle to return a person who was believed to be Molina to the TA Travel Center.

      h.      DEA Task Force Officer (TFO) James A. Talley observed a passenger bus, Omnibus Express, arrive and Carter pulled the defendant vehicle up to the bus where Molina got out and got on the bus. Molina's telephone number was observed to have communicated with Carter's telephone during this time.

      i.      On, April 27, 2023, the Honorable Glenn Goggans, Elmore County District Judge/Special Circuit Judge authorized the installation and monitoring of a GPS tracking device on the defendant vehicle.

      j.      Agents observed a pattern of monthly travel by Carter and Curry to the TA Travel Center. The defendant vehicle was used for nearly all of the trips. Agents believe couriers were using the bus to bring cocaine into Montgomery then return to Houston with drug proceeds. The pattern continued through January of 2024.

      k.      In May of 2024, the DEA MRO developed a reliable Confidential Source (CS) which provided information on Carter and his drug distribution activity. The CS provided information that Curry had first-hand knowledge of the drug activity.

      l.      On May 26, 2024, the CS provided information that Carter would meet with Bryce Johnson ("Johnson") to supply Johnson with a kilogram of cocaine. Agents observed that

at approximately 11:02 a.m., Carter and Curry left 304 Payson Road in the defendant vehicle with Curry as the driver. The vehicle traveled to 3835 Edgar D. Nixon Avenue, Montgomery, AL where it arrived at approximately 11:35 a.m. and remained until approximately 1:00 p.m. Carter and Curry then drove to the corner of Rhodes Street and Cedar Street, in Montgomery. At approximately 1:34 p.m., agents observed a blue Mercury Grand Marquis, bearing Alabama License Plate A0HRB2, turn onto Rhodes Street. The Grand Marquis was registered to Johnson's home address, 710 Bloomfield Street, Union Springs, Alabama. At approximately 1:36 p.m., agents observed the Grand Marquis leave, followed closely by the defendant vehicle. Agents maintained physical surveillance on the Grand Marquis as it left the area.

  m. The Grand Marquis deviated from a direct route back to Union Springs, exited Interstate 85, then took an abrupt turn onto Carmichael Road in Montgomery. It then quickly turned onto Townplace Drive. While Special Agent (SA) Fred Ott observed the Grand Marquis on Townplace Drive, he saw the passenger door open. Agents initially believed Johnson spotted law enforcement and threw the kilogram of cocaine out of the car, but agents were later informed by the CS that Johnson jumped out of the car and fled on foot with the kilogram of cocaine.

  n. On June 5, 2024, the Honorable Chad W. Bryan, United States Magistrate Judge for the Middle District of Alabama, authorized a Federal Search and Seizure Warrant for 3835 Edgar D. Nixon Avenue, Montgomery, Alabama. The registered owner of the property is Angela Lewis.

  o. On June 10, 2024, at approximately 8:40 a.m., the CS provided information to agents that Carter would meet with Othello Howard that morning to provide Howard with drugs. At approximately 8:49 a.m., the defendant vehicle left 304 Payson Road with Curry as the driver and Carter as the passenger. The defendant vehicle traveled to 3835 Edgar D. Nixon Avenue where

it remained for approximately seven minutes before it left. At approximately 9:40 a.m., the defendant vehicle stopped at the intersection of Cedar Street and Rhodes Street in Montgomery. At approximately 9:52 a.m., the CS provided information that Carter and Howard would meet momentarily. At approximately 9:58 a.m., the vehicle left Cedar Street, Montgomery, AL and drove back to 304 Payson Road. At approximately 10:20 a.m., and again at approximately 11:23 a.m., the DEA CS provided information that Carter would receive a shipment of narcotics from a drug courier. A few minutes later the vehicle left 304 Payson Road with Carter as the driver and Curry as the passenger.

p. At approximately 11:40 a.m., agents conducted surveillance in the area of 3835 Edgar D. Nixon Avenue. At approximately 11:48 a.m., a grey Dodge Ram truck bearing Texas License Plate PGX6531 arrived at 3835 Edgar D. Nixon Avenue. At approximately 11:52 a.m., agents observed the defendant vehicle arrive at 3835 Edgar D. Nixon Avenue. Agents observed a male driver get out the driver's seat of the Dodge Ram, later identified as Francisco Lopez, Jr. and a female get out of the passenger side, later identified as Maria Lopez. There were also two juvenile children that got out of the back of the Dodge Ram. Curry and Carter got out of the defendant vehicle.

q. At approximately 12:02 p.m., agents executed the Federal Search and Seizure Warrant previously signed by Judge Chad W. Bryan. When agents approached the residence, they observed Carter and F. Lopez attempting to remove a battery from the bed of the Dodge Ram. Agents immediately secured Carter and F. Lopez outside the residence. Agents then secured the occupants inside the residence: Curry, M. Lopez and the two juveniles.

r. After all persons were secured, a search of the residence, the Dodge Ram, and the defendant vehicle was conducted. During the search, agents located two batteries in the

bed of the Dodge Ram, each containing approximately three kilograms of suspected cocaine. Agents located approximately 155.8 gross grams of suspected crack cocaine inside the residence. Also in the residence, there were three additional disassembled batteries, identical to the two located in the back of the Dodge Ram.

      s.      SA Skeldon and TFO Talley spoke to Curry prior to leaving 3835 Edgar D. Nixon Avenue. Curry advised she wanted to cooperate with law enforcement and agreed to drive the defendant vehicle to the DEA MRO Office located at 4121 Carmichael Road. When Agents left 3835 Edgar D. Nixon Avenue, Curry followed in the defendant vehicle to the DEA MRO.

      t.      SA Skeldon and TFO Talley conducted a brief interview. Curry ended the interview when she requested an attorney. TFO Talley advised Curry she was under arrest. TFO Talley then seized the 2016 Toyota RAV4 as being used to facilitate, the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 841(a)(1) and 846.

      u.      On July 16, 2024, a federal grand jury sitting in the Middle District of Alabama returned an Indictment charging Carter, Curry, and others with conspiracy to distribute and possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Criminal Case No. 2:24-cr-00287-TES, Doc. 48).

      v.      On September 19, 2024, Curry pleaded guilty to Count 1 of the Indictment admitting the following to be true and correct: Beginning from an unknown date, and continuing through at least June 10, 2024, within the Middle District of Alabama, the defendant, and others, knowingly and intentionally conspired, combined, and agreed together to distribute and possess with intent to distribute cocaine. (Criminal Case No. 2:24-cr-00287-TES, Doc. 163 at 6). Curry's sentencing is currently set for January 6, 2025.

**CLAIM FOR RELIEF**

WHEREFORE, the United States prays that the defendant be condemned and forfeited to the United States as a vehicle used, or are intended for use, to transport, or to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 841(a)(1) and 846; that the United States be awarded its costs and disbursements in this action; and for such other and further relief as the Court deems proper and just.

Respectfully submitted this 4th day of December, 2024.

                                              KEVIN P. DAVIDSON
                                              ACTING UNITED STATES ATTORNEY

                                              /s/Russell T. Duraski
                                              RUSSELL T. DURASKI
                                              Assistant United States Attorney
                                              131 Clayton Street
                                              Montgomery, Alabama 36104
                                              Telephone: (334) 223-7280
                                              Facsimile: (334) 223-7106
                                              E-mail:  Russell.Duraski@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA         )
COUNTY OF MONTGOMERY )

## VERIFICATION

I, James A. Talley, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained therein are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this 3rd day of December, 2024.

Task Force Officer, James A. Talley
Drug Enforcement Administration

Sworn to and subscribed before me this 3rd day of December, 2024.

Notary Public
Commission Expires: 8·25·25

9