IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:24cv779-MHT |
| | ) | (WO) |
| A 2016 TOYOTA RAV4, | ) | |
| BEARING VIN: | ) | |
| JTMNFREV6GJ089395, WITH | ) | |
| ALL APPURTENANCES AND | ) | |
| ATTACHMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

DEFAULT JUDGMENT AND DECREE OF FORFEITURE

Before the court is the government's motion for

default judgment and decree of forfeiture as to

defendant 2016 Toyota Rav4, bearing VIN:

JTMNFREV6GJ089395, with all appurtenances and

attachments thereon. The court has considered the

motion and finds as follows:

On December 4, 2024, the government filed a

complaint (Doc. 1) alleging that the defendant is

subject to forfeiture pursuant to 21 U.S.C.

§ 881(a)(4), which provides for the seizure and

forfeiture of all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Pursuant to a warrant of arrest *in rem* issued by the clerk of court on December 5, 2024, (Doc. 4), the defendant was served on December 13, 2024. (Doc. 5).

On December 16, 2024, Saundra Curry was personally served with copies of the notice of complaint for forfeiture against personal property, verified complaint for forfeiture *in rem*, and warrant of arrest *in rem*. (Doc. 6).

On December 20, 2024, Saundra Curry, was served by and through her attorney, William Blanchard, Esq., with copies of the notice of complaint for forfeiture against personal property, verified complaint for

forfeiture *in rem*, and warrant of arrest *in rem*. (Doc. 7).

Notice of this civil forfeiture action against the defendant was published for 30 consecutive days on an official government internet site (www.forfeiture.gov), as evidenced by the declaration of publication filed with this court on March 10, 2025. (Doc. 12).

On January 28, 2025, Saundra Curry filed a verified claim to contest the forfeiture of the defendant vehicle (Doc. 8), and on February 25, 2025, filed an answer to the verified civil complaint (Doc. 9).

On March 27, 2025, Saundra Curry knowingly and voluntarily withdrew her claim to the defendant and her answer to the complaint stating she "does not object to forfeiture of the subject property." (Doc. 16).

On April 18, 2025, the clerk of court entered default against Saundra Curry and all other persons and entities having an interest in the defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure,

3

for failure to answer or otherwise defend as required by law. (Doc. 21).

This court has subject-matter jurisdiction over this case. A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. *See* 28 U.S.C. § 1355(b). The United States is the plaintiff in this civil forfeiture action and the acts giving rise to this action occurred in the Middle District of Alabama.

As the United States established in its application to enter default against Saundra Curry and all other persons and entities having an interest in the defendant (Doc. 17), the requirements for proper notice set forth in Supplemental Rule G of the Federal Rules of Civil Procedure were fully satisfied.

4

Any claimant to the defendant was required to file a claim no later than 35 days after the written notice was sent, *see* (Doc. 1-1); Supplemental Rule G(4)(b)(ii)(B), or 60 days after the first publication of notice on the official government website. *See* Supplemental Rule G(5)(a)(ii). The time period to contest the forfeiture of the defendant has expired, and no extensions to these time periods have been requested, consented to, or granted by this court. No person other than Saundra Curry has filed a claim or an answer to the complaint, or otherwise appeared or answered in this regard, and the time to do so has expired. On March 27, 2025, Saundra Curry knowingly and voluntarily withdrew her claim to the defendant and her answer to the complaint stating she "does not object to forfeiture of the subject property." (Doc. 16).

The factual allegations set forth in the verified complaint for forfeiture *in rem* show that the defendant is subject to forfeiture pursuant to 21 U.S.C.

§ 881(a)(4), which provides for the seizure and forfeiture of all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate, the transportation, sale, receipt, possession, or concealment of controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The factual allegations of the verified complaint for forfeiture *in rem* are not only verified by Drug Enforcement Administration Task Force Officer James A. Talley (Doc. 1), but they are also undisputed. Consequently, hearings are not necessary to enter or effectuate the default judgment. *See* Fed. R. Civ. P. 55(b)(2).

The government has shown that (a) the parties that have an interest in the defendant are in default; (b) default judgment is procedurally warranted; and (c) it has sufficiently pled its basis for entry of default judgment.

6

\*\*\*

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is ORDERED and ADJUDGED as follows:

(1) Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is entered in favor of plaintiff United States of America and against Saundra Curry and all other persons and entities having an interest in defendant 2016 Toyota Rav4, bearing VIN: JTMNFREV6GJ089395, with all appurtenances and attachments thereon.

(2) All right, title, and interest in the defendant vehicle are forfeited to and vested in plaintiff United States of America, which shall have clear title to this property, may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

(3) This court shall retain jurisdiction in this case for the purpose of enforcing this order.

(4)  The  clerk  of  the  court  shall  forward  a
certified  copy  of  this  order  to  the  United  States
Attorney's Office.

The  clerk  of  the  court  is  DIRECTED  to  enter  this
document  on  the  civil  docket  as  a  final  judgment
pursuant  to  Rule  58  of  the  Federal  Rules  of  Civil
Procedure.

This case is closed.

DONE, this the 20th day of June, 2025.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE